# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 23, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

156421 & (38)(39)(40)

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,
v

CHRISTOPHER NICHOLSON,
   Defendant-Appellant.

SC: 156421
COA: 333546
Washtenaw CC: 15-000716-FC

_____/

   On order of the Court, the application for leave to appeal the August 10, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motions to expand the record, to change the trial court judge, and for an evidentiary hearing are DENIED.

   MCCORMACK, J. (*concurring*).

   I concur in this Court's order denying leave to appeal, but write separately because I believe the Court of Appeals erred by applying the "common scheme or plan" exception to MRE 404(b) when the evidence of the defendant's prior armed-robbery conviction was only logically relevant to prove identity under a modus operandi theory. I nevertheless concur in the order denying leave because the defendant has not shown that the error undermined the reliability of the verdict.

   Evidence of other acts may be admissible under MRE 404(b) if the proponent can show logical relevance and a proper, nonpropensity purpose such as "proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident . . . ." MRE 404(b). A court considering 404(b) evidence must not simply accept at face value the stated purpose of other-acts evidence. Instead, the court must "closely scrutinize" whether the proponent's theory of relevance is consistent with its stated purpose. *People v Denson*, 500 Mich 385, 400 (2017). Scrutiny is especially important when the prosecution asks the jury to consider the defendant's prior crimes as evidence that the defendant committed *this* crime. This Court has imposed a higher standard of logical relevance for other-acts evidence used to prove identity under a modus operandi theory than for other theories. *People v Golochowicz*, 413 Mich 298, 325-326 (1982). To admit evidence of other acts to prove identity, (1) there must be "substantial proof that the defendant committed one of the similar acts" and (2) the acts must have a "special quality or circumstance" that identifies the defendant as the perpetrator. *People v VanderVliet*, 444 Mich 52, 66 n 16 (1993), amended 445 Mich 1205 (1994). To establish a common design or plan, however,

it is not necessary to show either "distinctive and unusual features" or a "high degree of similarity" between the charged act and the other acts. *People v Hine*, 467 Mich 242, 252-253 (2002).

The trouble, of course, is that a common design or common plan is the core element of a modus operandi theory. See 1 McCormick, Evidence (7th ed), § 190, p 1036 (modus operandi requires common characteristics of perpetrator's crimes be "so unusual and distinctive as to be like a signature"). For cases in which only identity is at issue, the proponent cannot just pluck out the core element of modus operandi and dub it a "common plan or scheme" to admit the same evidence under the lower standard. To do so would render the stricter standard all but illusory.

In this case, the prosecution proffered evidence—ostensibly for the purpose of showing a common scheme or plan under MRE 404(b)—that the defendant had been convicted of armed robbery a decade before. The Court of Appeals found that a common scheme or plan existed based on certain similarities between the two robberies: both happened at gas stations in the city of Ann Arbor, both occurred late at night, and both were committed by two people wearing bandannas and holding pellet guns. The panel concluded that the trial court had not abused its discretion by admitting the evidence because it was "highly probative to demonstrate that defendant had a characteristic pattern that he employed in robbing stores." *People v Nicholson*, unpublished per curiam opinion of the Court of Appeals, issued August 10, 2017 (Docket No. 333546), p 5.

This was error. The only element in dispute was the identity of the robbers, so the logical relevance of the defendant's *previous* armed-robbery conviction was only to show it was more likely than not that he committed *this* robbery. The trial court should have considered whether there was such a " 'striking similarity' " between the two robberies as to constitute a signature. *Denson*, 500 Mich at 403, quoting *VanderVliet*, 444 Mich at 67. Instead, the prosecutor was allowed to do an end run around that difficult standard by labeling the evidence a common scheme or plan. Therefore, I would hold that the trial court's failure to scrutinize the logical relevance of the evidence and evaluate it under the standard for identity was an abuse of discretion. I concur in the Court's denial of leave, however, because the defendant cannot show that the error of admitting the evidence was more probably than not outcome-determinative. *Denson*, 500 Mich at 409.

BERNSTEIN, J., joins the statement of MCCORMACK, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 23, 2018



Clerk

t0320